IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLEN J. WHITNEY and CHRISTINA M. WHITNEY,** : : : **Plaintiffs,** : : v. : : **JOSEPH MARUT, ROBERT S. STOUD, and JOHN HAGERTY,** : : : **Defendants** : | CIVIL ACTION NO. 1:07-CV-0089 (Judge Conner) |

## MEMORANDUM

Plaintiff Glen Whitney ("Glen") brings this civil rights case pursuant to 42 U.S.C. § 1983 alleging violations of his First, Fourth, and Fourteenth Amendment rights by defendants Joseph Marut and Robert Stoud. Plaintiff Christina Whitney ("Christina") joins the action and asserts state-law claims for assault and battery against defendant John Hagerty ("Hagerty"). Hagerty advances counterclaims for the same torts against her husband, plaintiff Glen. Presently before the court is the Whitneys' motion to dismiss Hagerty's counterclaims against Glen. For the reasons that follow, the motion will be granted in part and denied in part.

**I.     Statement of Facts**[1]

During January 2005, Glen and Christina attended a private party also visited by Hagerty.  (Doc. 1 ¶¶ 11-12.)  Glen left the party after several hours, leaving Christina, who had been consuming alcohol,[2] to socialize with the other guests.  (Id. ¶ 12.)  Christina and Hagerty soon engaged in coquetry, as they had clandestinely done on various past occasions.  (Doc. 9 ¶¶ 9, 36-37.)  The pair eventually left the party for Hagerty's home.  Once there they engaged in sexual activity.  (Id. ¶¶ 33-34, 36.)

Clifford Grosvenor ("Grosvenor"),[3] a guest at the party and friend of Glen's, noticed the couple leave together and called Glen to inform him of the developing affair.  (Doc. 1 ¶ 13.)  After receiving the news, Glen met Grosvenor, and both proceeded to Hagerty's residence.  (Id.; Doc. 9 ¶ 35.)  They kicked open the door to Hagerty's home and assailed Hagerty, kicking, slapping, and punching him.  (Doc. 9 ¶ 35.)  They also threw various items at Hagerty, and one of them struck him with

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in Hagerty's counterclaims.  See infra Part II.  The court will relate allegations in the complaint only to the extent necessary to present a complete depiction of the factual background of the case.  The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

[2] According to Hagerty's counterclaim, which the court must accept for purposes of the pending motion, Christina acted voluntarily despite having been drinking.  (Doc. 9 ¶ 37.)  Christina disputes this and alleges that she was "incapable of rational decision-making."  (Doc. 1 ¶ 23.)

[3] Grosvenor is not a defendant in the present action.

his computer keyboard. (Id. ¶ 38.) Hagerty remained conscious throughout the attack. (Id. ¶ 44.) When Glen and Grosvenor finished pummeling Hagerty, an argument ensued between Christina and Glen. (Id. ¶ 39.) The evening ended with Christina, Glen, and Grosvenor leaving the maligned Hagerty alone at his residence. (Id. ¶ 40.) Glen was thereafter seized and criminally prosecuted for his actions. (Doc. 1 ¶ 21.) A jury acquitted him. (Id. ¶ 22.)

Christina and Glen instituted the present action on January 16, 2007. The complaint alleges various deprivations of their constitutional rights by defendants Joseph Marut and Robert Stoud, both of whom are officers of the Pennsylvania State Police. The claims against Marut and Stoud arise from Glen's seizure and prosecution and are not affected by the pending motion.[4] The complaint also

---

[4] Plaintiffs invoke the court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 to assert Glen's federal claims against the police officers. They rely on the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for Christina's state-law claims against Hagerty. District courts may exercise supplemental jurisdiction over any state-law issue that is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). It "'does not permit courts to take jurisdiction over tangentially related claims.'" See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).
   In the present case, Glen asserts federal civil rights claims for unlawful arrest and malicious prosecution against the police officers who arrested him for allegedly assaulting Hagerty. The validity of these claims is wholly dependant on Glen's conduct upon arriving at Hagerty's residence. Christina's averments of sexual assault provide the factual background for Glen's actions, but they have little—if any—effect on the propriety of the police officers' response. Hagerty's counterclaims are similarly attenuated from the substance of Glen's allegations of improper police conduct.
   In light of the remote relationship between the police officers' actions and Christina and Hagerty's tort claims, the court wishes the parties to address whether

3

asserts state-law assault and battery claims against Hagerty, alleging that he enticed Christina against her will. Hagerty answer's avers that Christina acted voluntarily and advances two counterclaims. First, he maintains a claim for assault and battery against Glen. Second, he requests sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on the ground that the claims against him are frivolous and in bad faith.[5] Plaintiffs have moved to dismiss both counterclaims for failure to state a claim upon which relief can be granted. The parties have fully briefed these issues, which are now ripe for disposition.

---

the state-law claims "form part of the same case or controversy" as Glen's allegations of unlawful police conduct. 28 U.S.C. § 1367(a). The court will direct plaintiffs to brief this issue. Hagerty will be instructed to file a memorandum in opposition that responds to plaintiffs' argument and addresses whether the court may continue to exercise jurisdiction over his remaining counterclaim in the event that Christina's claims are dismissed.

 Plaintiffs have requested an extension of the discovery deadline in this case, which the court granted on the date of this memorandum. (<u>See</u> Doc. 22.) All discovery of Hagerty will be stayed pending briefing and disposition of the jurisdictional issue.

 [5]Hagerty's answer styles his Rule 11 argument as "a second cause of action," which reads as follows:

> 48. The instant action caused by defendants Glen Whitney and Christina Whitney is too frivolous.
> 49. Not only is it beyond the statute of limitations, but the court lacks subject matter jurisdiction and the allegations are contrived.
> 50. Plaintiffs Christina Whitney and Glen Whitney conspired to bring about this lawsuit with no basis as such [sic] are responsible to John Hagerty for all expenses that he must incur in order to defendant [sic] himself.

(Doc. 9 ¶¶ 48-50.) His brief in opposition to the motion clarifies these paragraphs as requesting sanctions under Rule 11. (Doc. 16 at 6.)

4

**II.    Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, --- U.S. ---, 127 S.Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499

F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  <u>Montville Twp. v. Woodmont Builders LLC</u>, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting <u>Twombly</u>, --- U.S. at ---, 127 S. Ct. at 1969).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.   Discussion

Hagerty's answer asserts counterclaims for assault, battery, and sanction for bringing allegedly frivolous claims.  Plaintiffs' motion seeks dismissal of all Hagerty's counterclaims.  The court will address these issues *seriatim*.

### A.   Assault and Battery Claims

The tort of assault requires that the defendant act with intent to place the plaintiff in apprehension of imminent harmful or offensive bodily contact and that the plaintiff actually experienced such apprehension.  See <u>Heverly v. Simcox</u>, No. 4:05-1370, 2006 WL 2927262, at *9 (M.D. Pa. Oct. 11, 2006); <u>D'Errico v. DeFazio</u>, 763 A.2d 424, 431 n.2 (Pa. Super Ct. 2000).  Battery requires proof that the defendant acted with the intent to cause harmful or offensive bodily contact with the person of the plaintiff and that such contact actually followed.  See <u>Fulks ex rel. Daniel v.</u>

Gasper, 439 F. Supp. 2d 371, 379 (M.D. Pa. 2006); Montgomery v. Bazaz-Shegal, 742 A.2d 1125, 1130 (Pa. Super. Ct. 1999).

In the present case, Hagerty alleges that Glen and Grosvenor forcibly entered his residence, punched and kicked him, and threw various chattels at him. He was conscious throughout the ordeal and thoroughly aware of their blows. These allegations are clearly sufficient to state a claim for assault and battery against Glen. The motion to dismiss will be denied with respect to Hagerty's tort claims.

### B.  **Counterclaim for Sanctions and Costs**

Hagerty's second counterclaim requests sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedures. (See Doc. 16 at 6.) Rule 11 authorizes a court to impose sanctions on a party who presents a pleading "for any improper purpose," including harassment of opposing litigants, "unnecessary delay," or needless augmentation of litigation costs. FED. R. CIV. P. 11(b). The rule prescribes the procedure that a litigant utilize to obtain an award of sanctions. See FED. R. CIV. P. 11(c)(2). The rule requires a litigant to draft the motion and serve it on the opposing party before filing it with the court. Id. The opposing party then has a period of twenty-one days during which to withdraw the offensive pleading. Id. The litigant moving for sanctions may file the motion only after expiration of this safe-harbor period. Id.

In the instant case, Hagerty's request for sanctions was not drafted or filed as a motion, nor does it appear that plaintiffs have been afforded the twenty-one-day safe harbor to withdraw the allegedly frivolous allegations. An award of sanctions is

therefore inappropriate in light of Hagerty's non-compliance with the procedural dictates of Rule 11, and the court will grant plaintiffs' motion to dismiss.  Leave to amend the complaint to assert a claim for sanctions will be denied as futile because a counterclaim is not a proper method for seeking relief under Rule 11.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002).  This denial will be without prejudice to Hagerty's right to pursue any Rule 11 remedy to which he believes himself entitled through proper procedures in compliance with the rule.

**IV.   Conclusion**

The plaintiff's motion to dismiss (Doc. 10) Hagerty's counterclaims will be denied with respect to the assault and battery claims against Glen.  It will be granted with respect to the counterclaim for sanctions under Rule 11.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        February 25, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLEN J. WHITNEY and CHRISTINA M. WHITNEY,** | : | CIVIL ACTION NO. 1:07-CV-0089 |
| **Plaintiffs,** | : | (Judge Conner) |
| v. | : | |
| **JOSEPH MARUT, ROBERT S. STOUD, and JOHN HAGERTY,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 25th day of February, 2008, upon consideration of plaintiffs' motion (Doc. 10) to dismiss the counterclaims asserted in defendant John Hagerty's answer, and for the reasons discussed in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 10) is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED with respect to the counterclaim for sanctions and costs pursuant Rule 11 of the Federal Rules of Procedure. Leave to amend the counterclaim is denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002). This denial is without prejudice to defendant John Hagerty's right to pursue relief under Rule 11 in accordance with the procedure set forth therein. See FED. R. CIV. P. 11(c)(2).

    b. The motion is otherwise DENIED.

2. Plaintiff Christina Whitney and defendant John Hagerty shall file memoranda of law regarding the court's subject matter jurisdiction as follows:

   a. Plaintiff Christina Whitney shall file, on or before March 10, 2008, a memorandum of law discussing whether her state-law assault and battery claims properly invoke the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

   b. Defendant John Hagerty shall file, on or before March 24, 2008, a memorandum in opposition that shall:

      i. Respond to the arguments raised in plaintiff's memorandum; and

      ii. Discuss whether the court may properly exercise supplemental jurisdiction over defendant Hagerty's counterclaims in the event that plaintiff Christina Whitney's claims are dismissed.

      iii. Raise any further argument regarding the court's exercise of supplement jurisdiction that defendant believes apropos.

   c. Plaintiff Christina Whitney shall be permitted to file a memorandum in reply on or before March 31, 2008.

3. Discovery is STAYED with respect to defendant John Hagerty pending disposition of jurisdictional issue described in the preceding paragraph.


　　　　　　　　　　　　　　　　　　  S/ Christopher C. Conner  
　　　　　　　　　　　　　　　　　　CHRISTOPHER C. CONNER  
　　　　　　　　　　　　　　　　　　United States District Judge