IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLEN J. WHITNEY** and **CHRISTINA M. WHITNEY**, : : : **Plaintiffs**, : : v. : : **JOSEPH MARUT, ROBERT S. STOUD,** and **JOHN HAGERTY**, : : **Defendants** : | **CIVIL ACTION NO. 1:07-CV-0089** **(Judge Conner)** |

## MEMORANDUM

The present memorandum is a *sua sponte* evaluation of the court's subject matter jurisdiction over several claims in the above-captioned matter. The underlying case is a federal civil rights action brought by plaintiff Glen Whitney ("Glen") against defendant police officers Joseph Marut and Robert Stoud (collectively "Marut and Stoud") arising from his criminal prosecution. Plaintiff Christina Whitney ("Christina") asserts state law claims against defendant John Haggerty[1] ("Haggerty"), who, in turn, alleges state law counterclaims against Glen. The court, in its memorandum and order dated February 25, 2008 (Doc. 23), directed Christina and Haggerty to file briefs addressing whether their state law

---

[1] Plaintiff's complaint named this defendant as John Ha*g*erty. Defendant's filings indicate that his surname is correctly spelled Ha*gg*erty, which the court will adopt for purposes of this memorandum and order.

claims properly invoke the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[2]  The instant memorandum follows the parties' briefing of this issue.

I.   **Factual Background**[3]

In January 2005, Glen and Christina attended a party at which Haggerty was also a guest.  (Doc. 1 ¶ 11-12.)  After a few hours, Glen returned home, leaving Christina to socialize with the other guests.  (Id. ¶ 12.)  Christina and Haggerty eventually left the party together and went to Haggerty's residence, where they engaged in sexual intercourse.  (Doc. 1 ¶ 11-12; Doc. 9 ¶ 23, 36.)  Christina alleges that this activity was forced and nonconsensual, (Doc. 1 ¶ 12); Haggerty claims that it was voluntary and that Christina had suggestively flirted with him on several previous occasions,[4] (Doc. 9 ¶¶ 36-37).

Clifford Grosvenor ("Grosvenor"),[5] a guest at the party and a friend of Glen, noticed Christina and Haggerty leave together and telephoned Glen to inform him

---

[2]The court possesses inherent authority to raise issues of subject matter jurisdiction *sua sponte*.  See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003).

[3]The court will present the facts as alleged in plaintiffs' complaint and in Haggerty's counterclaim, as it would if the parties had addressed the issue of subject matter jurisdiction via a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See Carpet Group Int'l v. Oriental Rug Imps. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000).

[4]Haggerty alleges that "she [had,] on previous occasions[,] come on to defendant John Hagerty sexually[,] stating to him that 'she needed a man in her life.'"  (Doc. 9 ¶ 37.)

[5]Grosvenor is not a defendant herein.

of the situation.  (Id. ¶ 13.)  Glen and Grosvenor traveled to Haggerty's residence, and upon arrival Grosvenor forcibly entered through the front door, after which he exchanged punches with Haggerty.  (Doc. 1 ¶ 14; Doc. 9 ¶¶ 14, 38.)  Haggerty alleges that Glen participated in the altercation, though Glen acknowledges no role in the scuffle.  (Doc. 9 ¶ 38.)  The evening ended when Christina, Glen, and Grosvenor left Haggerty alone at this residence.  (Doc. 9 ¶ 40.)  In the days that followed, Marut and Stoud, both of whom are police officers, criminally prosecuted Glen and Grosvenor for the alleged unauthorized entry and assault that occurred at Haggerty's residence.  (Doc. 1 ¶¶ 17-21.)  Glen was found not guilty of all charges.  (Id. ¶ 22.)

Glen and Christina instituted the present action on January 16, 2007.  Glen alleges federal claims for malicious prosecution and unlawful seizure against Marut and Stoud arising from their prosecution of him.  (Doc. 1 ¶¶ 7, 25.)  He predicates these claims upon the court's federal question jurisdiction.  Christina alleges no claims against Marut and Stoud but advances state law tort claims for assault and battery against Haggerty associated with the allegedly involuntary sexual intercourse.  (Id. ¶ 29.)  Haggerty has counterclaimed against Glen for tortious assault and battery for the alleged fisticuffs that took place at Haggerty's home.  (Doc. 9 ¶¶ 33-46.)  Both Christina and Haggerty's claims rest upon the court's supplemental jurisdiction.  On February 25, 2008, the court directed Christina and Haggerty to address whether their state law claims properly invoke this jurisdiction.  The parties have briefed this issue, which is now ripe for disposition.

3

**II.     Discussion**

Haggerty concedes his counterclaim should be dismissed if the court declines to exercise jurisdiction over Christina's state law claims.[6]  (Doc. 25 at 8.)  The court will therefore evaluate whether Christina's claims properly rely on the court's supplemental jurisdiction.

Supplemental jurisdiction has been a historically a difficult field.  See, e.g., 13 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §§ 3523-3523.1, 3567-3567.3 (3d ed. 2002).  The adjudicative authority of district courts is statutorily and constitutionally limited, with few exceptions, to cases arising under federal law or involving diverse defendants.  Id. § 3522; see also 28 U.S.C. §§ 1331, 1332.  That this jurisdiction may also extend to "supplemental" claims, factually linked to a federal cause of action but lacking an independent jurisdictional basis, is a relatively recent development.  See id. § 1367; see also Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991); 13 WRIGHT ET AL., supra, §§ 3523-3523.1, 3567-3567.3.  Nevertheless, it is now well settled that district courts may entertain such claims so long as they share a "common nucleus of operative facts" with claims over which the court could exercise original jurisdiction.  Lyon v. Whisman, 45 F.3d 758, 759-60 (3d Cir. 1995) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

---

[6]Haggerty has acknowledged that, "[i]n fairness, dismissing the claims of Christina M. Whitney would also necessitate dismissing the counterclaims of defendant John Haggerty.  Defendant John Haggerty is clearly willing to accept that consequence."  (Doc. 25 at 8.)

4

This authority is not an obligation, however.  Congress has conferred on district courts the discretion to decline to exercise supplemental jurisdiction when state law claims "substantially predominate" over the federal causes of action.  28 U.S.C. § 1367(c)(2).  Federal courts evaluate the predominance of state claims by reference to three factors:  (1) the evidentiary proof required to advance them, (2) the comprehensiveness of the remedy sought, and (3) the scope of issues that they raise.  Mazurkiewicz v. Doylestown Hosp., 223 F. Supp. 2d 661, 667 (E.D. Pa. 2002); see also Gibbs, 383 U.S. at 726-27; see also Borough of West Mifflin v. Lancaster, 45 F.3d 780, 787-90 (3d Cir. 1995) (interpreting Gibbs as an outline of the analytical framework applicable to a court's discretionary exercise of supplemental jurisdiction).  This tripartite analysis, first discussed by the Supreme Court in Gibbs, permits simultaneous resolution of intertwined federal and state claims while avoiding "[n]eedless decisions of state law."[7]  Gibbs, 383 U.S. at 726-27.

Turning to the threefold Gibbs analysis, to the first factor addresses whether the state claims substantially predominate over the federal claims in terms of the evidentiary matters they present.  See Lancaster, 45 F.3d at 789.  A federal court may decline to hear state claims that require a "substantial quantity" of evidence unrelated to the federal claims.  Id.  However, refusal to exercise supplemental

---

[7]Gibbs was decided under the doctrines of pendent and ancillary jurisdiction, which were superceded by Congress enactment of the supplemental jurisdiction statute, 28 U.S.C. § 1367, in 1990.  Nevertheless, the United States Court of Appeals for the Third Circuit has held that Gibbs continues to governs federal court's post-§ 1367 exercise of supplemental jurisdiction.  See Lancaster, 45 F.3d at 789.

jurisdiction is appropriate "only where 'a state claims constitutes the real body of a case, to which the federal claim is only an appendage.'"  Id. (quoting Gibbs, 383 U.S. at 727).  State and federal claims that exhibit evidentiary parity should be heard in a single litigation.  Id.; see also Lackman v. Recovery Servs., No. Civ. 06-2016, at *3 (D.N.J. Nov. 29, 2006).

In the present case, Glen's federal claims focus upon a single inquiry, *viz.*, whether Marut and Stoud had probable cause to prosecute Glen for his alleged conduct at Haggerty's residence.  This inquiry, in turn, focuses entirely on the actions that Glen took at Haggerty's home on the evening at issue.  Christina's claims, by contrast, implicate myriad evidentiary matters.  Evidence regarding Christina and Haggerty's long-term relationship, their activity upon arrival at his residence, past sexual conduct, the amount of alcohol both individuals had consumed, and their ability to engage rational decision-making may all affect the success of her claims.  None of this evidence has any bearing on Glen's federal claims.  A comparison between the weighty issues of proof associated Christina's state law claims and the relatively narrow issues of proof implicated by their federal counterparts suggests that Christina's claims substantially predominate the present case.  Accordingly, the first factor of Gibbs counsels against exercising supplemental jurisdiction over Christina's claims.

The second Gibbs factor evaluates "the scope of the issues raised" by the state claims.  See Gibbs, 383 U.S. at 726.  A court may refuse to entertain state claims that raise a substantial number of issues that have no bearing on federal

recovery, though it should not decline jurisdiction merely because state claims outnumber federal ones. Lancaster, 45 F.3d at 789-90 (holding that a federal court may not decline to hear state claims merely because they outnumber federal ones). State and federal claims that functionally overlap may be resolved concurrently. Id.; see also Lackman, 2006 WL 3485988, at *3 (declining to exercise supplemental jurisdiction over a plaintiff's state law claims against one of several defendants because the plaintiff's federal claims only "marginally touche[d] the alleged conduct" of the defendant).

In the instant case, Glen and Christina's respective claims present distinct, non-coalescent issues. As discussed supra, Christina's claims rely entirely upon Haggerty's actions while Glen's claims find their root in the prosecutorial activity of Marut and Stoud. Christina's claims will raise issues that concern the propriety of Haggerty's conduct. Glen's claims are entirely founded upon his actions at Haggerty's residence and his susceptibility to criminal prosecution for them. Christina's allegations against Haggerty may provide the factual background against which Glen acted, but they do not affect whether Marut and Stoud had probable cause to prosecute Glen. The federal and state claims therefore raise distinct, minimally related issues that weigh against the court's exercise of supplemental jurisdiction over Christina's claims.

The final Gibbs factor states that a federal court should exercise jurisdiction over state law claims if refusal to hear them could expose a defendant to duplicative liability in state court. Lancaster, 45 F.3d at 789 ("[T]he difficulty of avoiding

duplicative recoveries is a factor tending to weigh against litigating related federal and state claims in different fora."). State and federal claims designed to remedy similar harm should therefore be heard in a single action under the federal court's supplemental jurisdiction. Id.; Sparks v. Hershey, 661 F.2d 30, 33 (3d Cir. 1981). The court may decline jurisdiction over state claims that redress injuries wholly unrelated to harms compensable under federal law.

Here, the court's refusal to hear Christina's state claims would not subject any defendant to the threat of repetitive liability. Glen may pursue his civil rights claims against Marut and Stoud in federal court to recover for his alleged constitutional injuries. Christina may advance her tort claims against Haggerty in state court. There is no risk that either Glen or Christina would receive duplicate recovery from two lawsuits because each plaintiff advances claims against different defendants for distinct harms. Hence, the final Gibbs factor advises that Christina's state law claims substantially predominate over the federal claims, and the court will decline to exercise supplemental jurisdiction over them.

As a final matter, the court is acutely aware of the serious nature of Christina's allegations, which plead an injury of the most tragic and invasive sort. Nevertheless, the court will not compel Haggerty to defend himself before a forum in which he had no reasonable expectation of suit. Individuals have a right to expect that constitutional and statutory limitations on jurisdiction will be enforced, and that litigation over matters of state law will generally occur in the state judiciary. See Lancaster, 45 F.3d 787-89. All parties to this case are Pennsylvania

residents, and the claims against Haggerty implicate no question of federal law.  He had no reason to anticipate that the federal claims against Marut and Stoud would be appended to his case, allowing plaintiffs to invoke the jurisdiction of the federal courts.  It would be fundamentally inequitable to require Haggerty to proceed here solely because plaintiffs have wrapped two discrete lawsuits in a single jurisdictional package.  See Gibbs, 373 U.S. at 727 ("Once it appears that a state claims constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed."), quoted with approval in Lancaster, 45 F.3d at 788.  Accordingly, the court will dismiss Christina's state claims against Haggerty.

### III.   Conclusion

The court will decline to exercise jurisdiction over the claims against Haggerty, who has conceded that his counterclaims against Glen should likewise be dismissed.  See 28 U.S.C. § 1367(c)(2).  Christina and Haggerty's claims will be dismissed without prejudice, and both individuals will be dropped as parties to this case.  See FED. R. CIV. P. 21; see also Lancaster, 45 F.3d at 788.

An appropriate order follows.


          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:     April 3, 2008

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLEN J. WHITNEY and CHRISTINA M. WHITNEY,**     :  <br>    :  <br>**Plaintiffs,**    :  <br>    :  <br>v.    :  <br>    :  <br>**JOSEPH MARUT, ROBERT S. STOUD, and JOHN HAGERTY,**    :  <br>    :  <br>**Defendants**    :  | CIVIL ACTION NO. 1:07-CV-0089  <br>  <br>(Judge Conner) |

## **ORDER**

AND NOW, this 3rd day of April, 2008, upon consideration of the memorandum and order of court dated February 25, 2008 (Doc. 25), and the parties filings in response thereto (Docs. 24, 25), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The claims of plaintiff Christina Whitney and the counterclaims of defendant John Haggerty are DISMISSED without prejudice for lack of jurisdiction.  See 28 U.S.C. § 1367(c)(2).

2. Plaintiff Christina Whitney and defendant John Haggerty are DROPPED as parties to the above-captioned case.  See FED. R. CIV. P. 21.

          S/ Christopher C. Conner  
          CHRISTOPHER C. CONNER  
          United States District Judge